PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. ARTURO RODRÍGUEZ MIRANDA, Defendant and Appellant.

No. 5938.   Argued April 1, 1936.—Decided May 26, 1936.

*R. Martínez Nadal* and *Navarro Ortiz* for appellant.   *R. A. Gómez* and *Luis Janer, Prosecuting Attorneys,* for appellee.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the Court.

Some time during the month of April, 1934, Arturo Rodríguez was accused of importing into Puerto Rico, from the city of New York 5,232 pounds of unroasted coffee, without

having obtained a certificate issued by an entomologist, setting forth that the said coffee was free from disease or insects harmful to plants.

The lower court overruled a demurrer to the complaint which alleged that the facts pleaded did not constitute a public offense. This is the first error which, in the opinion of the accused, was committed by the lower court.

██ The defense argues that Act No. 17 of May 27, 1919 (Session Laws p. 130) is not applicable to the facts complained of, because the coffee was not imported or introduced for seed, and the act itself provides in the next to last paragraph of Section 1, that its provisions shall not be so construed as to prohibit or subject to the conditions therein established, the importation of agricultural products to be manufactured, ground, or for industrial purposes.

Section 1 of the said act provides the following:

"That no tree or plant or any portion thereof, or the seeds of the same, nor cotton lint, loose or in bales, shall be imported into Porto Rico without a certificate signed by a Government entomologist or by the person having the power required in the state or country from which the importation originates, setting forth that the said articles are free from disease or insects harmful to plants.

"When imported for domestic consumption, the following articles shall be exempt from the preceding prohibition: roasted coffee, cereals, fruits from other than tropical countries, vegetables or nuts.

"* 　 * 　 * 　 * 　 * 　 * 　 *

"It is hereby provided that this Act shall not be so construed as to prohibit or to subject to the conditions herein above established, the importation of agricultural products to be manufacured, ground, or for industrial purposes."

The section considered infringed is the following:

"That any person, firm, corporation, carrier, or agent thereof, who violates, or fails to cmply with, any of the provisions of this Act or the instructions of any inspector duly appointed under the provisions of this Act or who shall interfere or attempt to interfere with such inspector in the discharge of his duties, shall be guilty of a misdemeanor, and on conviction shall be punish as provided for by the Penal Code."

It is not necessary to allege the exceptions established by the act in the complaint. It is for the defendant to allege in his defense that the act for which he is prosecuted falls within the exception.

The complaint in the present case contains sufficient facts in so far as it states that the accused introduced unroasted coffee into the island without obtaining the corresponding certificate. "It is known", says the lower court, "that the fruit of the coffee tree is the seed, and that the latter may be used for the purpose of reproducing the plant and also for human consumption. In either sense it is always a seed". The act prohibits the importation of seed without a certificate stating that the same are free from disease or insects harmful to plants. From "Diccionario de la Real Academia Española" we take the following definition:

"*Coffee:* Fruit of the coffee tree in red berry; seed of the coffee tree."

As the Prosecuting Attorney rightly says, coffee is a food, but it is necessary to submit it first to certain industrial processes and convert it into a drink, which is how we use it, one of the said processes being roasting. So that *unroasted coffee* cannot have a meaning other than that of the grain or seed of the coffee tree, which is not ready for immediate consumption as a food, but is in general in a condition to germinate as a seed, and this is enough to sustain the sufficiency of the complaint.

In the second assignment of error it is contended that the court *a quo* was mistaken in weighing the evidence. The lower court admits that the seed, once it has been submitted to certain industrial processes, becomes useless for the purposes of reproduction, since germination is impossible. The prosecuting attorney in discussing this alleged error in relation to the weighing of the evidence, expresses himself as follows:

"Now then, in this case, the demurrers having been overruled, the defense offered evidence, among which was the expert testimony of Mr. Rafael Martínez Nadal as an expert in the cultivation, planting and harvesting of coffee in Puerto Rico; and we accept as the lower court accepted, that the coffee involved in this complaint is absolutely lacking in the germinating power necessary and inherent in all seed which is used for the purposes of reproduction, and were it not for the fact that the statute expressly refers to roasted coffee as the sole exception to its provisions, in so far as coffee is concerned, we would be almost inclined to agree with the appellant, in view of the other exception contained in the fifth paragraph of Section 1 of the statute which expressly (p. 272, Session Laws of 1932), excludes from its application *agricultural products to be manufactured, ground or for industrial purposes.*

"This then, is a case in which the exception confirms the rule that the act is generally applicable to all of those products of like nature which are not expressly excepted, and therefore the decision of the lower court on the point in question should prevail, inasmuch as the letter of the law, analyzing its different sections and relating them one to the other, reveals the spirit or the intention of the legislator."

The prosecuting attorney refers in his brief to certain expert testimony which has not been sent up to this Court. In the transcript of the evidence no expert testimony whatever appears. The evidence offered shows that a quantity of unroasted coffee was imported into Puerto Rico, without a word having been said about the use to be made of said coffee. We do not know whether this is a case of an agricultural product to be manufactured, ground or used for industrial purposes. The lower court holds that the law, in excepting the articles which are imported for domestic consumption, only mentions roasted coffee, cereals, fruits from other than tropical countries, vegetables and nuts, and that therefore everything which is not excepted by the law is included in its prohibitory provisions, in accordance with the maxim *inclusio unius est exclusio alterius.* This rule, as we said in *Salgado* v. *Insular Racing Commission* 49 P.R.R. ____, just as other canons of statutory construction, is only an aid

in determining the meaning of the law and must yield where a contrary intention on the part of the legislature appears. In this case, however, there is no occasion to discuss the scope of the prohibitory provisions in connection with the offense charged, since the evidence shows only that unroasted coffee, that is to say, coffee seed, was imported without the accused having obtained the certificate required by the law. The importation of seed in this manner is expressly forbidden by the statute.

█ The defense maintains that the act in question does not cover the facts complained of, since it speaks of "importing" when it says "imported into Puerto Rico", and that according to the opinion of the Court of Customs and Patent Appeals, 76 Fed. (2) 605, the term "to import" refers only to products brought to Puerto Rico from a foreign country and not from the United States. It is true that the said court established this distinction, but it did so in reference to tariffs which could be levied on products introduced into Puerto Rico and not in reference to a legislative provision which is not in any way related to import duties. The act which we have been discussing was approved for the protection of plants and agriculture in Puerto Rico and not to tax imports. The word "imported", as it is used in this act, should be interpreted in the sense of including all plants and articles mentioned in the same, regardless of the country of their origin.

█ It is finally argued that the said act was repealed by Act no. 35 of 1934 (Session Laws, p. 298) and that since such repeal is in favor of the accused, it should have retroactive force. The facts complained of took place and the complaint was filed before the said repeal. According to section 386 of the Political Code, the repeal of any statute by the legislature shall not have the effect of releasing or extinguishing any penalty, forfeiture, or liability incurred under such statute, unless the repealing act shall so expressly provide and such statute shall be treated as still remaining

in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture or liability. This section was construed and applied in the case of *People* v. *Valentín* 33 P.R.R. 39, where it was held that a repealing act does not release the accused from liability for an offense which was committed, and prosecution begun, before repeal. In order to create an exemption, this court said, this must be done expressly in the repealing act.

The lower court has not committed the errors assigned, and the judgment appealed from must be affirmed.